### SWEET v. GREEN.

Where a grantor in a quit claim deed covenants to warrant the premises against all persons claiming by or under himself, and subsequent to such conveyance he acquires the legal title to the premises, the same will enure to the benefit of the grantee.[1]

And where the premises have been conveyed by the grantee to a *bona fide* purchaser without notice, the original grantor cannot set up against such purchaser fraud or mistake in the insertion of the covenant of warranty in the original deed of conveyance.

The purchaser of lands under a judgment obtains all the right of the defendant to the premises, and no equity can be set up against him on account of notice which did not affect the title to the land in the hands of the judgment debtor.

*IN October, 1795, Jonathan Green was in possession by his tenant of forty acres of land, in the manor of Rensselaerwick, which he claimed to have purchased from J. Odell; but the legal title was then supposed to be either in Odell or S. Van Rensselaer. Jonathan Green on the 31st of the same month, conveyed this land by way of mortgage to the complainant, and authorized him, in case of the nonpayment of the mortgage money, to receive the deed from Odell or Van Rensselaer in his own name. In September, 1797, the parties to the mortgage made a new arrangement,

[*474]

[1] *Kellogg* v. *Wood,* 4 Paige, 578; *Jackson* v. *Hoffman,* 9 Cow. 271; *Jackson* v. *Matsdorf,* 11 John. 91; *Jackson* v. *Wright,* 14 id. 193; *Jackson* v. *Murry,* 12 id. 201; *Peltereau* v. *Jackson,* 11 Wen. 110; *Jackson* v. *Ireland,* 3 id. 99. A conveyance by a *feme covert,* with warranty, although acknowledged according to the statute, will not operate by way of estoppel as to pass to her grantee, her subsequently acquired interest of the property conveyed. *Leal* v. *Woodworth,* 3 Paige, 470. See also *Jackson* v. *Winslow,* 9 Cow. 31.

1829.

Sweet
v.
Green.

by which it was agreed that Sweet should take the 40 acre lot, except about half an acre, which is the subject of controversy in this suit, and two other pieces of land, one of which was a lease lot and the other a possession lot merely, at the appraisal of men selected by them for that purpose, and pay to Joseph, the father of Jonathan Green, the balance of the purchase-money after deducting the amount due to Sweet on his mortgage; and Sweet also agreed to convey to Joseph Green the half acre lot in controversy in this suit. It was understood at the time that the legal title was not vested in Sweet or Green, and the former therefore insisted that he would only give to Joseph Green as good a title as he received from Jonathan by the conveyance of October, 1795. A quit claim deed was thereupon given from Sweet to Joseph Green for the half acre in fee; but a covenant was inserted therein, by which the grantor covenanted to warrant the premises against all persons claiming by or under himself, and the bill in this cause was filed to get rid of that covenant upon the allegation that it was inserted by fraud or mistake. In December, 1797, Joseph Green conveyed the half acre to his son Jonathan, and in March, 1798, the latter conveyed it to Wm. Gillet. In July, 1799, Gillet conveyed it to James Green, and in May, 1813, the latter conveyed it to David Crandall and Green Crandall with warranty. In February, 1815, John Green, the defendant in this suit, recovered a judgment against the Crandalls in the Supreme Court, under which he obtained a conveyance of the half acre from the sheriff in July, 1817. The complainant had a junior judgment against Crandall, under which he obtained possession of

[*475]

the premises *in controversy. On the 11th of June, 1816, the complainant obtained from Stephen Van Rensselaer a conveyance of the whole lot, under which he claims the half acre in question; but in consequence of the covenant in his quit claim deed, he supposes himself estopped from setting up that claim. The cause was heard on pleadings and proofs.

*A. Van Vechten and J. P. Cushman* for the complainants:—The bill in this case was filed to strike out the covenant of warranty in the deed from the complainant to Joseph Green, upon the ground that the same was inserted either by fraud or mistake. The covenant cannot be effectual against the title recently acquired by the complainant from Stephen Van Rensselaer. The complainant was surprised by this covenant, when he made the purchase from Mr. Van Rensselaer. Lapse of time will not, unless very long, bar a claim to be relieved against fraud. (*Cook* v. *Clayworth*, 18 Ves. 16; *Nichol* v. *Trustees of Huntington*, 1 John. Ch. R. 166, 177.)

*D. Buel, jun., and D. Gardner*, for the defendants, contended that a mistake could not be corrected, if the correction would defeat the intention of the parties; (*Lyman* v. *United Ins. Co.*, 17 John. R. 377; *Maine and wife* v. *Administrator of Dickinson*, 2 Dessaus. R. 191;) that the defendant was a *bona fide* purchaser without notice; that the claim of the complainant was barred by lapse of time; and that in no case where a covenant is read could ignorance of its effect be set up as an excuse. (*Anderson* v. *Roberts*, 18 John. Rep. 531; *Fletcher* v. *Peck*, 6 Cranch, 133; Sugden, 661; 1 Mad. Ch. 206; *Jackson* v. *Henry*, 10 John. R. 185; Starkie's Ev. 4th p. 1018, 1019, 1020; *Jones* v. *Statham*, 3 Atk. R. 389; *Executors of Getman* v. *Beardsley*, 2 John. Ch. R. 274; *King* v. *Baldwin*, id. 557; *Lyman* v. *United Ins. Co.*, id. 630; *Irnham* v. *Child*, 1 Brown's Ch. Cas. 93; *Shelburne* v. *Inchiquin*, id. 341; *Wendell* v. *Van Rensselaer*, 1 John. Ch. R. 324; *Storrs* v. *Barker*, 6 John. Ch. R. 166; 1 Ambler's Rep. 101; *Gregory* v. *Gregory*, Cooper's Ch. R. 201; *Bonny* v. *Ridgard*, 1 Cox's Cas. in Ch. 145; *Morse* v. *Royall*, 12 Ves. 373, 377; *Davoue* v. *Fanning*, 2 John. Ch. R. 252; *Underhill* v. *Van Cortland*, id. 362.)

*THE CHANCELLOR:—There are several substantial objections to the complainant's claim to amend the original

**1829.**

**Sweet**
**v.**
**Green.**

conveyance by striking out the covenant. At the time he obtained his conveyance of the legal title from S. Van Rensselaer, Crandall was in possession as a *bona fide* purchaser of the premises, by divers mesne conveyances from the complainant's grantee, and without any notice of the alleged fraud or mistake. The moment, therefore, that Van Rensselaer's deed was given, by the covenant of warranty in the conveyance of Sweet, Crandall became vested with a perfect title in the half acre, and subsequent notice to him or his assigns could not divest that title. Green, who obtained the property under the judgment against Crandall, obtained all the right which the latter had in the premises, and no equity can be set up against him on account of notice. (*Jackson* v. *McChesney*, 7 Cowen, 360.)

Independent of this legal objection, I am satisfied from the testimony that the effect of the covenant, under the circumstances, produces the exact state of things contemplated by the parties; and if it had not been inserted, the defendant would have been entitled in equity to a quit claim from the complainant of the title acquired under the conveyance from Van Rensselaer. And the weight of proof also is, that the covenant was knowingly and intentionally inserted for the purpose of vesting the title in the grantee, whenever a conveyance for the whole lot should be obtained from Van Rensselaer, the nominal owner.

The bill must be dismissed with costs.